## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **GLOBAL ESTATES, LLC,** | ) | **Case No. 09 B 32526** |
| | ) | |
| | ) | **Hon. Jack B. Schmetterer** |
| Debtor. | ) | |
| | ) | |

### NOTICE OF MOTION

**To:** *U.S. Trustee William T Neary, Office of the U.S. Trustee
Andre and Vena Nelson, 43 Sheffield Lane, Oakbrook, IL 60523
See Service List Attached

PLEASE TAKE NOTICE that on Friday, September 11, 2009, at 10:30 a.m., we will appear before the Honorable Jack B. Schmetterer, Courtroom 682, Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, and then and there present our **APPLICATION FOR IMMEDIATE ENTRY OF AN INTERIM ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF LAKELAW AS COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE,** a copy of which is attached hereto and served upon you herewith.

Dated: September 2, 2009 　　　　　　 */s/ Jonathan T. Brand*
　　　　　　　　　　　　　　　　　　One of the Debtor's Proposed Attorneys

### Certificate of Service

I, Virginia M. Elliott, do certify that on this date, I caused the preceding documents to be served via a third party, U.S. Bankruptcy Court Approved Notice Provider, BK Attorney Services, LLC.

Dated: September 2, 2009 　　　　　　 */s/ Virginia M. Elliott*
　　　　　　　　　　　　　　　　　　Paralegal

Jonathan T. Brand (ARDC # 6294885)
David P. Leibowitz (ARDC # 1612271)
Lakelaw
420 W. Clayton Street
Waukegan, Illinois 60085-4216
847.249.9100

Village of Maywood
Water Department
40 Madison Street
Maywood, IL 60153

Village of Bellwood
Water Department
3200 Washington Blvd.
Bellwood, IL 60104

City of Chicago
The Dept. of Water Mngmt
P.O. Box 6330
Chicago, IL 60680-6330

Village of Broadview
Water Department
2350 S. 25th Street
Broadview, IL 60155

ComEd
P.O. Box 6111
Carol Stream, IL 60197-6111

Nicor
Claims & Litigation Dept.
Attn: Douglas Rivera
P.O. Box 585
Aurora, IL 60507

Nicor
P.O. Box 0632
Aurora, Il 6032

Sprint
P.O. Box 4191
Carol Stream, IL 60197-4191

Groot
P.O. Box 92257
Elk Grove, IL 60009-2257

Veolia
4612 W. Lake Street
Melrose Park, IL 60160

Flood Brothers
17 W. 697 Buttlerfield Road
Suite E
Oakbrook Terrace, IL 60108

Home Depot Credit Service
P.O. Box 6925
The Lakes, NV 88901-6925

Aurora Loan Services
10350 Park Meadows Drive
Littleton, CO 80124

Bank of America - Home Loans
P.O. Box 5170
Simi Valley, CA 93062-5170

Community Investment Corporation
222 S. Riverside Plaza
Suite 2200
Chicago, IL 60606-0070

EMC Mortgage Corporation
P.O. Box 619063
Dallas, TX 75261-9063

First Horizon Home Loans
4000 Horizon Way
Irving, TX 75063

GMAC Mortgage
3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

TCF Bank
101 E. 5th St.
Suite 101
St. Paul, MN 55101

Washington Mutual
JPMorgan Chase Bank
P.O. Box 9176
Coppell, TX 75019-9176

Wells Fargo Home Mortgage
P.O. Box 14411
Des Moines, IA 50306-3411

Crowley Barrett & Karaba, Ltd
20 South Clark Street, Suite 2310
Chicago, IL 60603-1806

Pierce & Associates
1 North Dearborn, 13th Floor
Chicago, IL 60602

Heavner, Scott, Beyers & Mihlar, LLC
PO Box 740
Decatur, IL 62525

Advanta Bank Corp
P.O. Box 8088
Philadelphia, PA 19101-8088

Chase
Cardmaster Service
P.O. Box 15153
Wilmington, DE 19886-5153

Greg Yearwood
Precision Consulting, LLC
1251 Ash Avenue
Bensenville, IL 60106

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **GLOBAL ESTATES, LLC,** | ) | Case No. 09 B 32526 |
| | ) | |
| | ) | Hon. Jack B. Schmetterer |
| Debtor. | ) | |
| | ) | |

### APPLICATION FOR IMMEDIATE ENTRY OF AN INTERIM ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF LAKELAW AS COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE

Global Estates, LLC (the "Debtor" or "Global Estates"), pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a), 2016, and 6003, applies for immediate entry of an interim order and a final order on or after September 14, 2009, substantially in the form annexed hereto as <u>Exhibit A</u> and <u>B</u>, authorizing the Debtor to employ and retain the law firm Lakelaw ("Lakelaw"), *nunc pro tunc* to September 1, 2009, to represent the Debtor in this case. The specific duties and responsibilities of Lakelaw are outlined in the Engagement Letter attached hereto as <u>Exhibit C</u>. In support of this Application, the Debtor relies upon the *Declaration of David P. Leibowitz in Support of the Debtor's Application for Immediate Entry of an Interim Order Authorizing the Retention and Employment of Lakelaw as Counsel to the Debtor Nunc Pro Tunc to the Petition Date*, which is attached hereto as <u>Exhibit D</u>. In support of this Application, the Debtor respectfully represents the following:

### Jurisdiction and Venue

1.     This Court has jurisdiction over this Application pursuant to 28 USC §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue is proper in this Court pursuant to 28 USC §§ 1408 and 1409(a).

3.    By Internal Operating Procedure 15 of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination.

4.    The statutory bases for the relief requested herein are §§ 327(a) and 330 of Title 11, United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Factual and Procedural Background

5.    On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition with this Court under Chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No Request for the appointment of a trustee or examiner has been made in this Chapter 11 case, and no committee has been appointed or designated.

6.    The Debtor operates a management, development, rental and accounting company in Maywood, Illinois. The Debtor's non-rental business, which includes, but is not limited to, property management, construction or development work, and accounting services (collectively, the "Non-Rental Services") generated $123,000 of income in 2008. As of July 31, 2009, the Debtor's Non-Rental Services generated approximately $75,000 of income for Global Estates.

7.    As of July 15, 2009, Global Estates controlled approximately 94 rental units in 15 different properties in Illinois (collectively, the "Properties"). The Properties are located at:

        a.    2409 S. 21st Street, Broadview, IL 60155;
        b.    2112 S. 5th Street, Maywood, IL 60153;
        c.    1626 Luna Street, Chicago, IL 60639;
        d.    2109 S. 5th Street, Maywood, IL 60153;
        e.    2110 S. 5th Street, Maywood, IL 60153;
        f.    812 S. 19th Street, Maywood, IL 60153;
        g.    817 S. 19th Street, Maywood, IL 60153;
        h.    102-108 S. 17th Street, Maywood, IL 60153;

i.      1016 S. 15th Street, Maywood, IL 60153;

j.      404 S. 4th Street, Maywood, IL 60153;

k.      310 S. 25th Street, Bellwood, IL 60104;

l.      2101 S. 5th Street, Maywood, IL 60153;

m.      110 S. 11th Street, Maywood, IL 60153;

n.      840 S. 17th Street, Maywood, IL 60153; and

o.      408 S. 12th Street, Maywood, IL 60153.

8.      For the fiscal year ending 2008, Global Estates generated approximately $829,600.00 in rental income and maintained a 90% rental capacity.  In 2007, Global Estates generated $804,100.00 in rental income and maintained a 93% rental capacity.

9.      For the first six months, Global Estates has generated approximately $390,000.00 in rental income.  As of July 28, 2009, Global Estates had approximately $6,223,000.00[1] in assets and $4,470,800 in liabilities.  Global Estates employs approximately 2 full-time employees.

### Lakelaw's Qualifications & Professional Compensation

10.     The attorneys of Lakelaw are qualified to practice in this Court and are qualified to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties.

11.     David P. Leibowitz, Jonathan T. Brand and Carrie A. Zuniga of Lakelaw have extensive experience in bankruptcy cases and commercial litigation and are well qualified to represent the Debtor's interests in this case.  The attorneys who will have primary responsibility for this representation is David P. Leibowitz and Jonathan T. Brand.  David P. Leibowitz, managing member, who has practiced in this District since 1974. Jonathan T. Brand has been in practice since 2004 and has extensive experience in bankruptcy and restructuring cases. Carrie Zuniga is a Magna Cum Laude

---

[1] This amount is tied to the last set of appraisals completed on the Debtor's Properties.  The appraisals were done prior to 2007 and any decrease in value in the market.  The Debtor is uncertain as to their current value and will be seeking court approval, under a separate motion, to employ an appraisal expert to determine the current value the Debtor's Properties.

graduate of the University of Illinois, College of Law and has practiced in the bankruptcy arena her entire career.

12.     The Debtor requires counsel knowledgeable with respect to bankruptcy law to render the above-described essential professional services and believes that the employment of David P. Leibowitz, Jonathan T. Brand and Carrie A. Zuniga of Lakelaw would be in the best interests of the Debtor.

13.     David P. Leibowitz ("Leibowitz"), Jonathan T. Brand, and Carrie A. Zuniga of Lakelaw propose to charge for its services at its usual and customary rates. The range of hourly rates currently charged by Lakelaw for the professionals who are expected to perform the majority of service in connection with this case fall within the following ranges: Leibowitz, the managing member of Lakelaw, customarily bills $625 per hour; associates bill $250 to $400 per hour; and paralegals bill from $100 to $150 per hour. Such amounts are subject to change from time to time.

14.     David P. Leibowitz, Jonathan T. Brand and Carrie A. Zuniga of Lakelaw will keep detailed records of any actual and necessary expenses incurred in connection with rendering the above-described legal services, for which it may seek reimbursement.

15.     Lakelaw will apply for compensation for services rendered and reimbursement of costs incurred on behalf of the Debtor pursuant to §§ 330 and 331 of the Bankruptcy Code, at its ordinary rates, as they may be adjusted from time to time, in accord with the Bankruptcy Rules, the Local Rules of the Bankruptcy Court for the Northern District of Illinois, the guidelines established by the Office of the United States Trustee for the Northern District of Illinois (the "U.S. Trustee") and other applicable procedures and orders of the Court.

16.     As of July 28, 2009, Lakelaw received an initial retainer from Global Estates in the amount of $15,961.00. In addition, on August 26, 2009, prior to filing of this Chapter 11 case, Global Estates paid to Lakelaw $17,301.50 representing its fees and costs incurred by Lakelaw

between the date the Engagement Letter was executed and through the Petition Date and costs associated with the filing of this case.

17.     Lakelaw will apply the retainer to satisfy all fees and expenses incurred for services rendered during this Chapter 11 case and will hold the retainers as security for the fees and costs that may be awarded to it by the Court in this case.

18.     As of the Petition Date, the Debtor does not owe Lakelaw any amounts for legal services rendered before the Petition Date.

### Services to be Provided

19.     The professional services that Lakelaw will render will include, but are not limited to, the following:

a.      Advise the Debtor with respect to its powers and duties as a debtor and debtor in possession in the continued management and operation of their business and properties;

b.      Attend meetings with, and negotiating with, respective creditors and other parties in interest;

c.      Advise and consult on the conduct of the case, including all of the legal and administrative requirements of operating in a Chapter 11 case;

d.      Advise the Debtor in connection with contemplated leases or sales of real estate assets or business combinations, formulating and implementing bidding procedures, evaluating competing offers, drafting appropriate corporate documents with respect to the proposed sales and counseling the Debtor in connection with closing on such leases or sales;

e.      Advising the Debtor in connection with postpetition financing and cash collateral arrangements and negotiating and drafting documents relating thereto, providing advise and counsel with respect to prepetition financing agreements;

f.      Advise the Debtor on matters relating to the evaluation of the assumption, rejection or assignment of unexpired leases and executory contracts;

g.      Provide advise to the Debtor with respect to legal issues arising in or relating to the Debtor's ordinary course of business;

h.     Take all necessary actions to protect and preserve the Debtor's estate, including the prosecution of actions and proceedings on their behalf, the defense of any actions and proceedings commenced against the estate, negotiations concerning all litigation in which the Debtor may be involved and objections to claims filed against the estate;

i.     Prepare on behalf of the Debtor all motions, applications, answers, orders, reports and papers necessary to the administration of the estate;

j.     Prepare, on the Debtor's behalf, a plan of reorganization or liquidation, disclosure statement, and all related agreements and/or documents and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan;

k.     Attending meeting with third parties and participating in negotiations with respect to the above matters;

l.     Appear before this Court, other courts, and the U.S. Trustee , and protect the interests of the Debtor's estate before such courts and the U.S. Trustee; and

m.     Perform all other necessary and appropriate legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 case.

### Lakelaw's Disinterestedness

20.     To the best of the Debtor's knowledge, except as disclosed in the *Declaration of David P. Leibowitz in Support of Debtor's Application For Immediate Entry of an Interim Order Authorizing the Retention and Employment of Lakelaw as Counsel for the Debtor Nunc Pro Tunc to the Date of Appointment* (the "Leibowitz Declaration"), neither Leibowitz nor Lakelaw has any connection with the Debtor, its creditors, or other parties in interest or their respective attorneys.  As set forth in the Leibowitz Declaration, to the best knowledge of Leibowitz, neither Leibowitz nor Lakelaw represents any interest adverse to the Debtor or the Debtor's estate, and are otherwise a "disinterested person," as the term is defined in § 101(14) of the Bankruptcy Code, and required by § 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## Relief Requested

21.     By this Application, the Debtor seeks the immediate entry of an interim order and a final order on or after September 14, 2009 authorizing the Debtor to employ and retain Lakelaw in accordance with the terms and conditions set forth herein.

22.     The Debtor also requests that this Application, on an interim and final basis, be approved *nunc pro tunc*, or retroactively, to the Petition Date.  "The Seventh Circuit is one of those courts which has held that under proper circumstances, the 'equitable aspects of bankruptcy proceedings permit the court to retroactively approve the employment' of professional(s) who rendered services for a debtor even absent strict compliance with § 327." *Gowen v. Lefkas Gen. Partners No. 1017 (In re Lefkas Gen. Partners No. 1017)*, 153 B.R. 804, 808 (N.D. Ill. 1993)(citations omitted).

## Supporting Authority

23.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

> 11 U.S.C. § 327.

24.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

25.     Pursuant to the recently revised Bankruptcy Rule 6003, the court may grant relief regarding an application pursuant to Bankruptcy Rule 2014 to retain a professional within 20 days after the filing of the petition to the extent the relief is necessary to avoid immediate and irreparable harm.  Bankruptcy Rule 6003, however, does not expressly forbid courts from entering interim orders approving professional retentions during the first 20 days of the Chapter 11 cases.  *See, e.g.,* *First NLC Fin. Servs, LLC,* 382 B.R. 547 (Bankr. S.D. Fla. 2008)(approving interim retentions of financial advisor and legal counsel on interim basis on the same terms as set forth in the proposed order annexed hereto as Exhibit A within 20 days of Chapter 11 case).

26.     First, according to the Advisory Committee note to Bankruptcy Rule 6003, the standard employed in Bankruptcy Rule 6003 is taken from Bankruptcy Rule 4001(b)(2) and (c)(2), and decisions under those provisions should provide guidance for the application of Bankruptcy Rule 6003.  Bankruptcy Rules 4001(b)(2) and (c)(2) are well understood and are the model for numerous first-day motions, such as obtaining credit and seeking use of cash collateral.  That process is well established: if the court is so disposed, the partial relief is granted for the interim before the final hearing can be conducted.  Later, after further opportunity for other parties in interest to consider the application and to object, the court, if so disposed will grant the balance of the relief requested.

27.     Second, Bankruptcy Rule 6003 is entitled "Interim and Final Relief Immediately Following the Commencement of the Case . . . ."  Thus, the very title of the Bankruptcy Rule contemplates that relief may be granted on an interim basis.

28.     Interim relief is clearly justified and appropriate in the context of this application.  It is well recognized in this district and others that a corporation must be represented by counsel to appear in court because it is merely an artificial entity that can only act through its agents and thus may not appear *pro se.  See, e.g., People ex rel. Schacht v. Prestige Cas. Co.,* 283 Ill. App. 3d 577, 581 (1st

Dist. 1997)(no layperson may represent a corporation in a court of law); *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally . . . they must be represented by licensed counsel."); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981)("The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel.").

29.     Without counsel, the Debtor's efforts during the first 20 days of this case will be stifled. Lakelaw will play an integral role in the first 20 days of the Debtor's case in all of the Debtor's key work streams during this critical period.  Among other things, the Debtor will need Lakelaw's assistance in stabilizing business operations, implementing a communications program to communicate with the Debtor's clients and suppliers, negotiating with various lending institutions regarding their potential claims, and addressing issues related to the "first day" hearing and related orders.

30.     Accordingly, the Debtor submits that it has satisfied the requirements of Bankruptcy Rule 6003 to support immediate entry of an interim order, substantially in the form annexed hereto as Exhibit A, authorizing the Debtor to retain and employ Lakelaw on an interim basis and to compensate Lakelaw for any services rendered during that interim period in accordance with the Bankruptcy Code and the interim compensation procedures that may be established in this case. This interim form of relief ensures the availability of Lakelaw's full resources to the Debtor during a critical period in this case, while preserving the ability of all parties in interest to object to this application on a final basis.  The form of proposed order granting this Application is annexed hereto as Exhibit B and clearly preserves any objections of all creditors and parties in interest to the final hearing on this application and further provides that any such objections will be considered *de novo*. Accordingly, no party is prejudiced by the limited relief sought by this application and the objective of the drafters of Rule 6003 is not frustrated.

<u>Notice</u>

31.     Notice of this Application has been given to: (a) the Office of the United States
Trustee for this District; (b) proposed counsel for the Debtor; (c) creditors holding the 20 largest
unsecured claims against the Debtor on a consolidated basis as identified in the Debtor's petitions,
or their legal counsel (if known); and (d) to the Debtor's prepetition secured lenders and their
respective counsel (to the extent known).   The Debtor submits that, in light of the nature of the
relief requested, no other or further notice need be given. *See* Fed. R. Bankr. P. 2014(a).

WHEREFORE, for the reasons set forth herein and in the Leibowitz Declaration, Global
Estates, LLC, respectfully requests entry of an interim order and a final order on or after September
14, 2009, substantially in the forms annexed hereto as Exhibit A and B, respectively, (a) approving
the Debtor's retention and employment of Lakelaw as counsel to the Debtor, pursuant to § 327 of
the Bankruptcy Code and Bankruptcy Rule 2014, *nunc pro tunc* to the Petition Date, and (b) granting
the Debtor such other and further relief as this Court deems just and proper.

Dated: September 1, 2009.                     Respectfully submitted,

                                              GLOBAL ESTATES, LLC

                                              By: _Andre Nelson_
                                                  Andre Nelson
                                                  Managing Member

                                              LAKELAW

                                              By: _/s/ Jonathan T. Brand_
                                                  Jonathan T. Brand

                                              Jonathan T. Brand (ARDC # 6294885)
                                              David P. Leibowitz (ARDC # 1612271)
                                              420 W. Clayton Street
                                              Waukegan, IL 60085
                                              Phone: 847.249.9100
                                              Facsimile: 847.249.9180
                                              *Proposed Counsel for the Debtor*