IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GLOBAL ESTATES, LLC, | ) | Case No. 09 B 32526 |
| | ) | |
| | ) | Hon. Jack B. Schmetterer |
| Debtor. | ) | |
| | ) | |

**FINAL ORDER GRANTING DEBTOR'S EMERGENCY MOTION CONCERNING COMPLIANCE WITH SECTIONS 362 AND 366 OF THE BANKRUPTCY CODE BY CERTAIN UTILITIES**

Upon the emergency motion (the "Motion") of Global Estates, LLC ("Global Estates" or "Debtor") for entry of an order requiring the Debtor's Utility Providers (as defined in the Motion) to comply with §§ 362 and 366 of Title 11 of the United States Code (the "Bankruptcy Code"); and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing, it is therefore

**ORDERED** that:

1. The Motion is granted pursuant to the terms provided herein.

2. The Debtor presented evidence to the Court that the Debtor owns the subject Properties (as defined herein). In presenting such evidence, the Debtor provided the schedules filed in this case wherein it listed the Properties (as defined herein) in Schedule B. In addition, the Debtor produced Quit Claim Deeds transferring the Properties from Andre and/or Vena Nelson to Global Estates, LLC. Based upon the Debtor's schedules and Quit Claim Deeds, the Debtor has presented prima facie evidence that the Debtor owns the following properties (the "Properties"):

   a. 2409 S. 21st Street, Broadview, IL 60155;
   b. 2112 S. 5th Street, Maywood, IL 60153;
   c. 1626 Luna Street, Chicago, IL 60639;
   d. 2109 S. 5th Street, Maywood, IL 60153;
   e. 2110 S. 5th Street, Maywood, IL 60153;
   f. 812 S. 19th Street, Maywood, IL 60153;
   g. 817 S. 19th Street, Maywood, IL 60153;
   h. 102-108 S. 17th Street, Maywood, IL 60153;
   i. 1016 S. 15th Street, Maywood, IL 60153;
   j. 404 S. 4th Street, Maywood, IL 60153;
   k. 310 S. 25th Street, Bellwood, IL 60104;
   l. 2101 S. 5th Street, Maywood, IL 60153;
   m. 110 S. 11th Street, Maywood, IL 60153;
   n. 840 S. 17th Street, Maywood, IL 60153; and
   o. 408 S. 12th Street, Maywood, IL 60153.

3. It is determined that the Village of Maywood (Water), City of Chicago (Water), Commonwealth Edison Company (Electric), Nicor (Gas), or any other utility that maintain account(s) in the name of: (a) Andre Nelson; (b) Vena Nelson; or (c) Andre and Vena Nelson; and deliver and/or provide services to the Debtor's Properties (collectively, the "Central Utility Providers"), are hereby required to comply with sections 362 and 366 of the Bankruptcy Code in regards to this case pursuant to 11 U.S.C. § 105.

4. This Court's Order of September 14, 2009 (*Order Granting Debtor's Motion for Entry of an Order Determining Adequate Assurance of Payment for Future Utility Services*)(the "Utility Order")(Docket No. 21.) applies, on a final basis, to all utilities (as such term is used in § 366 of the Bankruptcy Code).

5. Except in accordance with the procedures set forth in this Court's Order of September 14, 2009 granting Adequate Assurance to the Debtor's utilities, including but not limited to the Debtor's Central Utility Providers, are hereby prohibited from (a) altering, refusing, or discontinuing service to, or discriminating against, the Debtor solely on the basis of the commencement of these cases or on account of any unpaid invoice for services provided before the Petition Date, or (b) requiring the payment of a deposit or other security in connection with the Utility Providers' continued provision of utility services, including the furnishing of gas, heat, electricity, water, telephone service, or any other utility of like kind, to the Debtor and/or its Properties.

6. The Debtor's utilities and Central Utility Providers are hereby ordered to restore any and all utility service to the Debtor's Properties to the extent such services have been discontinued since September 1, 2009 (the "Petition Date").

7. Nothing in this order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Provider as provided by §§ 362 and 366 of the Bankruptcy Code or other applicable law and nothing herein or in the Motion shall constitute Post-Petition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code. Nothing herein shall be deemed a waiver by the Debtor or any other party of any right with respect to the assumption or rejection of an executory contract.

8. Notwithstanding the possible applicability of Rule 6004(g) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

9. The Debtor shall serve a copy of this order the Central Utility Providers, and file proof of such service with the Clerk.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

DATED: 9/30/09

Hon. Jack B. Schmetterer
United States Bankruptcy Judge

SEP 30 2009

Jonathan T. Brand (ARDC # 6294885)
David P. Leibowitz (ARDC # 1612271)
Lakelaw
420 W. Clayton Street
Waukegan, IL 60085
Telephone: (847) 249-9100
Facsimile: (847)249-9180